Charles J. Kohl v. Commissioner.
Kohl v. Commissioner
Docket No. 6672-66.
United States Tax Court
T.C. Memo 1968-233; 1968 Tax Ct. Memo LEXIS 67; 27 T.C.M. (CCH) 1155; T.C.M. (RIA) 68233; October 8, 1968. Filed *67 Loss deduction: Reconveyance of residence: Requirement of profit-inspired use. - The petitioner claimed that his residence was converted into an investment after he moved to another residence. After remaining vacant for three years, the residence was reconveyed to the original owner, whereby the petitioner claimed a long-term capital loss of $3,934. However, the right to a loss deduction must be supported by more than a taxpayer's subjective attitude toward his property. Charles J. Kohl, pro se, 1594 Vernal Ave., Fremont, Calif. Joel A. Sharon, for the respondent. WITHEY
Memorandum Findings of Fact and Opinion WITHEY, Judge: Respondent determined deficiencies in petitioner's income tax for the years and in the amounts as follows: Year
Deficiency
1962
$218.97
1963
221.60
1964
186.78
The sole issue presented is whether petitioner was entitled to a loss deduction under section 165 of the Internal Revenue Code of 1954[1] on the reconveyance of his residence to the original seller. Findings of Fact All of the facts have been stipulated and are found accordingly. 1156 Petitioner and his wife filed a joint individual income tax return for each of the calendar years 1962, 1963, and 1964 with the district director at San Francisco, California. During the year 1948, petitioner moved to Ismay, Montana, with his wife and family. On October 29, 1952, petitioner and his wife entered into an agreement entitled "Contract for Deed" (hereinafter sometimes referred to as the contract), with *69 Leonard and Leone Leland (hereinafter referred to as the Lelands) to purchase from the Lelands land and a building located in Ismay, Montana, at a cost of $3,500. The contract provided that petitioner and his wife were to pay a purchase price of $3,500, together with interest thereon at the rate of 6 percent per annum, as follows: $10 by the execution of the contract; $30 plus interest on the unpaid balance by December 1, 1952; and $30 plus such interest by the first day of each and every month thereafter until the purchase price was paid in full. Under the contract, if petitioner and his wife failed to perform any of the covenants, including the monthly payment of $30, the Lelands reserved the right to demand immediate payment of the remaining balance and to have the contract forfeited. The contract was placed in escrow in the First National Bank of Miles City, Montana, together with the deed conveying the property to petitioner and his wife as well as instructions to the escrow agent to deliver the deed to petitioner and his wife when final payment was made. Petitioner used the land and building in Ismay as a personal residence for himself and his family from October 29, 1952, to *70 June 1959. In June 1959 petitioner and his family moved to Newark, California. On August 29, 1961, petitioner and his wife entered into a second agreement with the Lelands pursuant to which the Contract for Deed was canceled and the property was reconveyed to the Lelands. From June 1959, when petitioner moved to California, to August 29, 1961, when the property was reconveyed to the Lelands, petitioner made no attempt to rent the property at Ismay and it remained vacant during that entire period. On petitioner's income tax return for 1961, he reported the transaction involving the purchase and reconveyance of the Ismay property as a long-term capital loss in the amount of $3,934 of which $1,000 was deducted in petitioner's return for each of the years 1961, 1962, 1963, and $934 was deducted in his return for 1964. Respondent has disallowed the entire claimed deduction for each of the years in question. Opinion Section 165(a) of the Code allows a deduction for "any loss sustained during the taxable year and not compensated for by insurance or otherwise" and section 165(c) further provides, in pertinent part, that * * * In the case of an individual, the deduction under subsection *71 (a) shall be limited to - (1) losses incurred in a trade or business; (2) losses incurred in any transaction entered into for profit, though not connected with a trade or business * * * In Gerald Melone, 45 T.C. 501, 505 (1966), a case factually similar to the case at bar, we recited the pertinent rule as follows: As regards a loss incurred on the sale of residential property, it has long been a settled principle that a loss incurred by a taxpayer from sale of his or her personal residence is not deductible; except where prior to the sale the taxpayer has abandoned the use of the property as his or her personal residence, and has converted the same to a profit-inspired use, so as to qualify the loss for deduction under the above-quoted provisions of sections 165 (a) and 165 (c)(1) and (2). Sec. 1.165-9 (a) and (b), Income Tax Regs.; and Warren Leslie, Sr. 6 T.C. 488. * * * While petitioner contends that the Ismay property was converted to an investment after he moved to California in 1959, his argument finds no support in the record. To the contrary, the only relevant evidence presented consists of petitioner's testimony and a stipulation to the *72 effect that neither petitioner nor anyone in his behalf ever rented or attempted to rent the Ismay property. The fact that he may have considered the property to have become an investment once he moved away in 1959 cannot sustain his burden of proof. The right to a loss deduction under section 165 must be supported by more than a taxpayer's subjective attitude regarding his property. In light of the facts presented, we must hold that respondent correctly disallowed the loss deduction claimed by petitioner in each of the years in question. Decision will be entered for the respondent. 1157 Footnotes
1. All statutory references are to the Internal Revenue Code of 1954.↩